# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5901 | **DATE** | 6/1/2012 |
| **CASE TITLE** | In Re: Shirley A. Myers | | |

**DOCKET ENTRY TEXT**

The bankruptcy court's imposition of sanctions against Mr. Kirby is affirmed.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is the appeal of debtor's former counsel, Marlin E. Kirby ("Kirby"). Mr. Kirby appeals the bankruptcy court's order of July 7, 2011 directing him to pay certain fees of debtor's subsequent counsel. For the following reasons, the bankruptcy court's ruling is AFFIRMED.

### I. BACKGROUND

Mr. Kirby represented debtor Shirley A. Myers ("Myers") in her petition for bankruptcy, 10-B-11453. At some point, Myers became disenchanted with Kirby and approached another lawyer, Robert W. Maucker ("Maucker"), about taking over her case. Maucker agreed. Kirby filed a motion on January 28, 2011 to withdraw and Maucker filed on February 1, 2011 a motion to enter his appearance. A hearing was scheduled for February 3, 2011. Kirby attended, and the judge granted the leave to withdraw.

But at that hearing, Maucker informed the Court that Kirby, whose initial Rule 2016(B) statement disclosed only a $1,000 fee, had since received an additional $1,500 for his services for Myers without disclosing that to the Court as 11 U.S.C. § 329 requires. The bankruptcy judge, Pamela S. Hollis, on her own motion, set a hearing for April 12, 2011 to look into the matter. In her order, she specifically ordered Kirby to attend and gave him leave to file a written response by February 24, 2011. When Kirby did not file a response, Maucker called him on March 2, 2011. Kirby indicated he was going to return at least a large portion of the $1,500 and did not plan to file a response. In a phone call two days later, Kirby told Maucker he would return the entire amount when he attended the April 12, 2011 hearing.

But Kirby did not show at the April 12 hearing, and Judge Hollis issued a Rule to Show Cause ("RTSC") and issued a new order requiring Kirby to attend the RTSC hearing on April 28, 2011. Maucker sent Kirby a certified, return-receipt letter advising him of this and received the return receipt back in the mail. Again, Kirby failed to show and the Court issued an Order of Contempt and set a new court date of May 12, 2011. Maucker sent Kirby a letter by regular U.S. mail and left voice messages apprising him of the developments. Again, Kirby did not show. Judge Hollis issued a body writ. The record before the Court is

unclear as to whether Kirby was arrested or if the mere issuance of the body writ was enough to get his attention, but in any case, he appeared before Judge Hollis on May 19, 2011.

Maucker then moved for reimbursement of his fees ($1,681.54) for appearing at the numerous hearings where Kirby did not show. Maucker finally received a $1,500 check for his client from Kirby on May 25, 2011. On May 26, 2011, the bankruptcy set a briefing schedule on Maucker's motion for reimbursement and adjourned the Section 329 exam, the Rule to Show Cause and the Order of Contempt. Mr. Kirby was to file his response by June 16, 2011, but instead filed on that same day a request for an extension, which was noticed for June 30, 2011, after the brief was due. Judge Hollis denied the motion on June 30, 2011 and granted Maucker's motion for fees in the amount of $1,500 (the amount was apparently rounded down in deference to some quibbling over the proper amount of reimbursement).

Mr. Kirby's explanation for all of his no-shows is that, once the bankruptcy court granted his motion to withdraw, he was no longer receiving notification of proceedings via the CM/ECF system. He said he informed Maucker and the bankruptcy court deputy prior to the scheduled § 329 hearing that he would be returning the fees "and that there would be no need for a hearing." Appellant's Br., 7. "Appellant did hear from the lower court and assumed that the Debtor or her new counsel would agree to some method for returning the fees. Instead, Appellant was informed by the US [sic] Marshall's [sic] the [sic] he has been held in contempt and that a body attachment was issued against him." Appellant's Br., 8.

## II. LEGAL STANDARD

The Court reviews a bankruptcy court's imposition of sanctions under an abuse of discretion standard. An abuse of discretion occurs when no reasonable person could take the view adopted by the lower court. *Johnson v. RJM Acquisitions*, No. 11-601, 2012 U.S. Dist. LEXIS 36407, at *23 (S.D. Ill. Mar. 19, 2012). Courts have inherent contempt powers in all proceedings, including bankruptcy, to achieve the orderly and expeditious disposition of cases. *Id*. at *25. A court may remedy a violation of a specific order pursuant to its civil contempt powers, while the inherent sanction authority is different in that it allows the court to deter and provide compensation for a broad range of litigation tactics. *Id.*

"The burden of providing the bankruptcy appellate court (which in this district is initially the district court) with an adequate record on appeal is squarely on the appellant." *Randhava v. Peterson*, 364 B.R. 301, 304 (N.D. Ill. 2006) (citing Fed. R. Bankr. P. R. 8006, 8009 and *In re Thompson*, 140 B.R. 979, 982 (N.D. Ill. 1992)).

## III. ANALYSIS

This appeal is utterly without merit, and Kirby is lucky opposing counsel has not asked for fees for these proceedings as well. He fails to provide a single transcript in which the bankruptcy court made its findings. Even without those findings, however, it is apparent the bankruptcy court was well within its discretion to impose sanctions of $1,500 to reimburse Maucker for his wasted time.

Kirby squawks that "Appellant did not understand, and to this day does not comprehend, why Appellee was entitled to legal fees and costs for a § 329 hearing that Appellant was not opposing. Moreover, it is unclear why the Bankruptcy would require – knowing that Appellant never filed a response in the § 329 hearing; informed the court and Appellee that he was going to return the funds – that the Appellee appear at three §329 hearings when one should have sufficed." *Id*. at 8.

This Court can think of several reasons. Even assuming that what Kirby says is true – that he was removed from the ECF/CM notification system (which this Court does not believe because Appellee has attached, and the bankruptcy court documents show, certificates of mailing with Kirby still on the notification list), Maucker has attached the return receipt showing someone at Kirby's office signed for Maucker's letter notifying Kirby that a Rule to Show Cause had issued and his presence in court was required. Kirby continued to ignore the Court's direction to show up.

## STATEMENT

Kirby was present at the February 3, 2011 hearing where the judge ordered the § 329 hearing. Kirby argues that because he agreed to return the payment to the client (again, the Court dubiously assumes that Kirby's representation that he informed the Court of this is true), he was off the hook. Not so. Putting the cookie back after being caught with your hand in the cookie jar does not explain why you were stealing the cookie in the first place. Actually, that metaphor is inappropriate. A more appropriate one for Kirby would be to say that telling someone you will put the cookie back later does not guarantee you will actually put the cookie back, nor does it explain why you were taking it in the first place. (Remember, at that point, Kirby had not returned the $1,500 to the client, nor would he until the body writ was issued months later.) Even if Kirby had tendered the $1,500 at the February 3, 2011 hearing, attorneys are obligated under § 329 and Rule 2016 to notify the bankruptcy court when they receive post-petition payments. Kirby did not, and the judge wanted to know why.

Kirby claims he doesn't know if he was found in civil contempt, criminal contempt or just sanctioned under 18 U.S.C. § 401(a) or 401(c). The bankruptcy court's exact findings are also not crystal clear to this Court, but that is Kirby's fault for not attaching the relevant transcripts that would have shown those findings (or shown that the judge did not make them). This Court is unwilling to take Kirby's word that the judge did not make those findings clear in her oral rulings.

In any event, it seems very clear that the order for the reimbursement was in response to Maucker's motion for sanctions and reimbursement. We cannot say that it was an abuse of discretion to compensate Maucker for Kirby's flagrant disregard of order after order to appear, for his failure to appear and explain his apparent violation of section § 329, and for his months-long delay in actually returning Myers' fees.

## IV. CONCLUSION

The judgment of the bankruptcy court is affirmed.